IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SEAN P. JOHNSON, | ) | 4:09CV3001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FAITH REGIONAL HEALTH SRV., | ) | |
| NANCE COUNTY DEPUTY | ) | |
| SHERIFF, and RODNEY | ) | |
| WETOVICK, Nance County Atty., | ) | |
| | ) | |
| Defendants. | ) | |

   Plaintiff filed his Complaint on January 5, 2009. (Filing No. 1.) Since that filing, Plaintiff has filed numerous Motions, including: four Motions to Appoint Counsel (filing nos. 4, 7, 8 and 12), two Motions for Discovery (filing nos. 6 and 14), a Motion to Amend Complaint (filing no. 5), a Motion for Immediate Injunction (filing no. 9), and a Motion for Progression (filing no. 13). These Motions are all pending as of the date of this Memorandum and Order. Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 11.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.   INITIAL REVIEW OF COMPLAINT**

   **A.   Summary of Complaint**

   Plaintiff filed his Complaint on January 5, 2009, against Faith Regional Health Services, the Nance County Deputy Sheriff, and Nance County Attorney Rodney Wetovick. (Filing No. 1 at CM/ECF p. 1.) In general, Plaintiff's Complaint is devoid

of facts. However, when liberally construed, Plaintiff alleges that Defendants inadequately managed his medication, provided improper care, and denied him access to the courts. (*Id*. at CM/ECF p. 2.) Plaintiff seeks "specific damages" to be determined at a "later time." (*Id*.)

### B. Applicable Legal Standards on Initial Review

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

### C. Discussion of Claims

As discussed above, Plaintiff's Complaint must allege sufficient facts to state a claim. Plaintiff's Complaint does not provide any facts to support his claims. In fact, Plaintiff simply lists his claims under the heading "Damages include." (Filing

No. 1 at CM/ECF p. 2.) Merely listing a claim without any factual support is not sufficient to "nudge" that claim across the line from conceivable to plausible. However, on its own motion, the court will permit Plaintiff 30 days to file an amended complaint that sufficiently states a factual basis for his claims. The court cautions Plaintiff that failure to set forth a factual basis for his claims by March 25, 2009, will result in dismissal of his Complaint without further notice.

## II. PLAINTIFF'S PENDING MOTIONS

### A. Motions to Appoint Counsel

Plaintiff seeks the appointment of counsel. (Filing Nos. 4, 7, 8 and 12.) However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. Plaintiff's Motions to Appoint Counsel are therefore denied without prejudice.

### B. Motions for Immediate Injunction

In addition to Plaintiff's Motions to Appoint Counsel, Plaintiff filed a Motion for Immediate Injunction. (Filing No. 9.) In this Motion, Plaintiff requests an injunction against Defendant Faith Regional Hospital. (*Id.* at CM/ECF p. 1.) However, Plaintiff does not address the standard set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981).

In *Dataphase*, the court, sitting *en banc*, clarified the standard district courts should apply when considering a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Dataphase*, 640 F.2d at 114. "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998).

> At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. . . .
>
>         . . . .
>
> [W]here the balance of other factors tips decidedly toward movant a preliminary injunction may issue if movant has raised questions so serious and difficult as to call for more deliberate investigation.

*Dataphase*, 640 F.2d at 113.

Here, Plaintiff seeks an injunction to "pursue church related activities." (Filing No. 9 at CM/ECF p. 1.) However, Plaintiff has not alleged that there is a threat of irreparable harm, or for that matter facts sufficient to succeed on the merits. Consequently, the court finds that the *Dataphase* factors do not favor the Plaintiff to a degree sufficient to warrant issuance of preliminary injunctive relief at this time. Plaintiff's Motion for Immediate Injunction (filing no. 9) is therefore denied without prejudice.

### C.     Motions for Progression, Discovery and Amendment

As discussed above, the court is providing Plaintiff an opportunity to amend his Complaint to sufficiently state a factual basis for his claims. Thus, Plaintiff's

Motion to Amend Complaint (filing no. 5) is granted. But because Plaintiff has not yet alleged a factual basis for his claims, his Motion for Progression (filing no. 13) and his Motions for Discovery (filing nos. 6 and 14) are denied without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Immediate Injunction (filing no. 9), Motion for Progression (filing no. 13), Motions to Appoint Counsel (filing nos. 4, 7, 8 and 12.), and Motions for Discovery (filing nos. 6 and 14) are denied.

2. Plaintiff's Motion to Amend Complaint (filing no. 5) is granted.

3. Plaintiff shall have until **March 25, 2009**, to amend his Complaint and adequately state a factual basis for his claims. If Plaintiff fails to submit an adequate amendment, this matter will be dismissed without prejudice and without further notice.

4. The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: **March 25, 2009**: check for amended complaint and dismiss if none filed.

February 24, 2009.  BY THE COURT:

                                                  s/ Joseph F. Bataillon
                                                  Chief United States District Judge